United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO PINA; et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ROBERT HOREL, warden; et al.,<br><br>    Defendants.<br>_____ / | No. C 07-4989 SI (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND FOR PLAINTIFF PINA** |

    This pro se civil rights action under 42 U.S.C. § 1983 was filed by Pablo Pina, Ralph Trujillo, and Eddie Garcia, three inmates in the security housing unit ("SHU") at Pelican Bay State Prison. The complaint is now before the court for initial review under 28 U.S.C. § 1915A, which requires the court to do a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. For the reasons discussed below, the court will (1) dismiss plaintiffs Trujillo and Garcia from this action, (2) decline to order prison officials to let the three inmates communicate with each other, (3) require plaintiff Pina to filed an amended complaint limited to allegations about violations of only his rights, and (4) deny the motions for appointment of counsel.

    The plaintiffs want to proceed as paupers, although only Pina submitted an in forma pauperis application. Trujillo and Garcia did not file in forma pauperis applications, despite being notified of their duty to do so. Docket #s 3-4. Although only one $350.00 filing fee is owed when a case is filed regardless of the number of plaintiffs, the filing fee obligation is a joint and several obligation of all the plaintiffs. The statute does not provide for the division of the fee obligation among the plaintiffs such that, for example, each of the three plaintiffs

would owe 1/3 of the fee. Instead, the appropriate statutory deductions (of 20% of each plaintiff's deposits or balance) would be made from each plaintiff's trust account until the full fee is satisfied. This means that the plaintiff with the most money in his trust account would end up paying the largest part of the fee and perhaps more than his one-third share. It is not enough that one of several plaintiffs file an <u>in forma pauperis</u> application because the fee must either be paid in full at the time of filing of the complaint or each plaintiff who wants to proceed as a pauper must file an application to do so. Trujillo and Garcia therefore will be dismissed from this action for failing to file an <u>in forma pauperis</u> application or pay the filing fee.

The extreme difficulty of litigating a group complaint from the confines of the SHU provides a separate and additional reason to dismiss Trujillo and Garcia from this action. The plaintiffs' physical separation has and will impact this litigation because they have no access to each other. The three plaintiffs are in the SHU, but are not cell-mates and may be in different units within the SHU. <u>See</u> Docket # 5. Almost all of the filings in this action have been from Pina alone, who has repeatedly complained about his inability to speak to his co-plaintiffs, send documents to them, and discuss this case with them. <u>See</u> Docket #s 5, 6, 7, 8, 12. The one document that Trujillo filed likewise reflected an inability to freely communicate with the other plaintiffs. <u>See</u> Docket # 11, p. 1. Trujillo attached to his filing a copy of an inmate appeal in which he requested that he and Pina "be allowed to assist each other in the preparation and filing of civil complaint whenever assistance is requested during the course of this legal action." <u>Id.</u> at Exh. A, p. 1. The request was denied, in part because the prison's operation policy requires that there be a legal deadline in place before the SHU inmates are allowed to use the passing privilege program which allows for a very limited exchange of papers. <u>Id.</u> at Exh. A, pp. 4-5. The SHU is a very high security facility in which inmates' access to one another is severely restricted for reasons unrelated to this action.

The district court "possesses inherent power over the administration of its business." <u>Spurlock v. FBI</u>, 69 F.3d 1010, 1016 (9th Cir. 1995). This power includes the authority to promulgate and enforce rules for the management of litigation and its docket. <u>See id.</u> Basic case

management principles of delay reduction and avoidance of confusion call for the three plaintiffs' claims to proceed separately. Group complaints by prisoners are extraordinarily difficult to litigate when the prisoners are proceeding pro se because most prisoners do not have unrestricted access to each other. The plaintiffs have already demonstrated that they have no ready access to each other and cannot access each other without receiving special permission to pass documents between themselves. The likely glacial pace of three prisoners' communications with each other will result in extensive delays at each point in the litigation where they are required to file anything with the court. No plaintiff has the authority to represent the other, so the case will stall as the document is shuttled back and forth between the three plaintiffs until all are comfortable with signing it. One alternative is to permit the plaintiffs to file separate documents, but this essentially results in three cases within a case, which has few benefits to match the substantial confusion caused by it. Filings (such as every filing in this case except the original complaint) that are signed by just one plaintiff immediately create doubt as to whether the other plaintiffs know and approve of the filing. Because no inmate has authority to represent another inmate, those kind of filings would have to be rejected. Plaintiffs appear to propose that the court order prison officials to allow them to communicate with each other, see docket # 9, but that would require the court to interfere with the ordinary day-to-day operations of the prison, which federal courts generally are discouraged from doing. See Turner v. Safley, 78, 84-85 (1987) (judiciary should exercise restraint on matters of prison administration). Therefore, in the exercise of its inherent power to administer its docket, the court determines that this action may not be maintained as a group complaint by three unrepresented prisoners.

      Since Trujillo and Garcia already are being dismissed for the failure to file the pauper applications, they will be dismissed for the additional reason that the court's docket management requires that the plaintiffs file separate actions. Only Pina will be allowed to proceed as the plaintiff in this action. Pina will be required to file an amended complaint in which he may complain only about violations of his constitutional rights. He has no standing to complain about problems experienced by other inmates. And, as a pro se plaintiff, cannot bring a class

3

action concerning prison conditions. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"); Griffin v. Smith, 493 F. Supp. 129, 131 (W.D.N.Y. 1980) (denying class certification for pro se prisoner).

In his amended complaint, Pina must identify (in each claim) each and every defendant who he proposes to hold liable on that claim. He must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group, i.e., "the defendants" or "staff;" rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

The amended complaint must be filed no later than **April 25, 2008**. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Pina is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

Pina has moved for appointment of counsel. A district court has discretion under 28 U.S.C. § 1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factor is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Pina's motion for appointment of counsel is DENIED without prejudice to him filing a new motion if the court receives an amended complaint and determines it states a claim upon which relief may be granted. (Docket # 7.)

4

Plaintiffs Eddie Garcia and Ralph Trujillo are dismissed from this action. This dismissal is without prejudice to each filing his own civil rights action in which he pays the filing fee or files an in forma pauperis application. Trujillo's motion for full co-plaintiff status and for appointment of counsel is DENIED. (Docket # 11.)

IT IS SO ORDERED.

Dated: March 7, 2008

SUSAN ILLSTON
United States District Judge