PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT

§ 3144    DEPARTMENT OF CORRECTIONS AND REHABILITATION    TITLE 15

bearing only a department or agent's return address, return

NOTE: Authority cited: section 5058, Penal Code. Reference: section 2601, Penal Code.

**3144.    Inspection of Confidential Mail.**

To determine the possible presence of contraband all incoming confidential mail will be inspected prior to delivery to an inmate. Confidential mail will be opened and inspected for contraband only and only in the presence of the inmate addressee. Inspecting correctional officials will not read any of the contents of the confidential mail. Outgoing confidential mail may be inspected, with or without opening the mail for cause only.

(a) Cause may include, but is not limited to, the reasonable belief by correctional officials that the letter is not addressed to or is not from an official or office listed in Section 3141 or when other means of inspection indicates the presence of physical contraband in the envelope. In such instances the mail will be opened in the presence of the inmate for determination.

(b) Upon determining that the envelope contains prohibited material or that there is a misrepresentation of the sender's or the addressee's identity the letter and any enclosures may be examined and read in its entirety to determine the most appropriate of the following actions:

(1) When the prohibited material or misrepresentation of identity indicates a violation of the law or an intent to violate the law, the matter will be referred to the appropriate criminal authorities for possible prosecution. Any case referred to criminal authorities will be reported to the director. When a case is referred to criminal authorities and the determination is made not to prosecute, the fact of the referral and the determination made will be reported to the inmate and to the inmate's correspondent. The director will be informed of the outcome of all referrals to criminal authorities.

(2) When an inmate's action or complicity indicates a violation of law; the regulations set forth in this article; or approved facility mail procedures; the matter may also be handled by appropriate disciplinary action.

NOTE: Authority cited: section 5058, Penal Code. Reference: section 2601, Penal Code; and *Wolff v. McDonald*, 94 S. Ct. 2963 (1974).

**3145.    Enclosures in Confidential Mail.**

When the inspection of confidential correspondence discloses written or printed enclosures, the enclosures will be treated in the same manner as confidential correspondence. The inmate will not be given the enclosures or be allowed access to the enclosures except as authorized in the following subsections:

(a) The inmate may consent to an immediate examination of the enclosure by a staff member of the facility who issues mail. Such examination will be limited to the extent necessary to determine if the enclosure may be safely admitted into the facility under the standards of Penal Code Section 2601. The conclusion of the examiner will be written on the enclosure, and be dated and signed by the examiner. If the enclosure can be safely admitted into the facility, it will be given to the inmate. If in the examiner's opinion the enclosure does not meet the standards of Penal Code Section 2601 and cannot be safely admitted into the facility, it will be referred to a facility staff member at not less than the facility captain level, for final determination. If not released to the inmate at this level, the inmate will be allowed access to the enclosure only as authorized in subsection (b).

(b) The inmate may decline to consent to examination of enclosures in confidential mail by any staff member. When this occurs, the enclosure will be immediately placed in a separate envelope and the envelope will be sealed in the presence of the inmate. The outside of the envelope will be annotated with the inmate's name and number, a notice that the content consists of

unexamined confidential enclosures removed from confidential correspondence; the date correspondence was received; and the name and address of the sender. The envelope will then be placed in the inmate's unissued personal property or will be stored in another place designated by the facility. The inmate will be allowed the maximum possible access to that material for review and examination in a place or manner which will prevent the material from being read by other inmates and staff.

(c) Any person who examines the content of mail under the authority of this section, or in connection with an appeal by an inmate, of a ruling under this section must keep the content of the material which was examined in strict confidence and make no reference to the contents in any documentation which may be entered in the inmate's case file.

NOTE: Authority cited: section 5058, Penal Code. Reference: section 2600, Penal Code, and *In re Jordan*, 12 CA 3rd 575 (1974).

HISTORY:
1. Change without regulatory effect amending subsection (a) filed 4-3-2001 pursuant to section 100, Title 1, California Code of Regulations (Register 2001, No. 14).

**3146.    Mail in Languages Other Than English.**

Mail may be subject to a delay for translation of its contents by staff.

When such delay exceeds normal mail processing by five business days, the inmate shall be notified in writing of the delay; the reason for the delay; and subsequent determinations and actions regarding that item of mail.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 2600 and 2601, Penal Code.

HISTORY:
1. Amendment filed 1-3-95 as an emergency; operative 1-3-95 (Register 95, No. 1). A Certificate of Compliance must be transmitted to OAL 6-12-95 or emergency language will be repealed by operation of law on the following day.
2. Amendment refiled 6-13-95 as an emergency; operative 6-13-95 (Register 95, No. 24). A Certificate of Compliance must be transmitted to OAL by 11-20-95 or emergency language will be repealed by operation of law on the following day.
3. Reinstatement of section as it existed prior to emergency amendment filed 12-27-95 by operation of Government Code section 11346.1(f). Certificate of Compliance as to 6-13-95 order transmitted to OAL 11-9-95; disapproved by OAL and order of repeal as to 6-13-95 order filed on 12-27-95 (Register 95, No. 52).
4. Amendment filed 12-27-95 as an emergency pursuant to Government Code section 11346.1; operative 12-27-95 (Register 95, No. 52). A Certificate of Compliance must be transmitted to OAL by 4-25-96 or emergency language will be repealed by operation of law on the following day.
5. Certificate of Compliance as to 12-27-95 order including amendment of section transmitted to OAL 4-25-96 and filed 6-6-96 (Register 96, No. 23).

**3147.    Definition and Disposition of Mail.**

(a) All incoming and outgoing mail shall be handled in accordance with the following:

(1) Definition of Classes of Mail. U.S. Postal regulations defin first class mail as any handwritten or typewritten matter sealed i an envelope that has to be acted upon by the recipient; second clas mail as any daily or weekly publication; third class mail as an matter that weighs up to a pound and not of a first class natur e.g., advertising, mass mailings, etc.; and fourth class mail printed matter, e.g., catalogs, brochures, etc.

(2) Address. All outgoing mail must be properly addresse using the appropriate zip code and shall be marked indicating th it originated from a California state correctional facility.

(3) Return Address. Outgoing inmate mail must contain a retu address on the outside of the letter or package. It will include t inmate's name, the address designated by the facility for inm



April 16, 2007

**VIA U.S. MAIL**

Pablo Pina, D-28079
PO Box 7500 D-4-102
Crescent City, CA. 95531

Re: Request for Legal Assistance/Materials

Dear Pablo Pina:

Your letter to the American Civil Liberties Union of Northern California has been received. Per your request, enclosed please find the information on the Privacy Act of 1974. However, please be aware that the ACLU operates with limited resources and will not be able to do further copying.

Sincerely,

Pat Johnson
Legal Assistant

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-4

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

OCT 1 3 2007

Date:

In re:    Pina, D-28079
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0701937          Local Log No.: PBSP 07-01007

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pimentel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that the Pelican Bay State Prison (PBSP) mailroom staff have inappropriately opened his confidential correspondence not in his presence. The appellant contends that the correspondence clearly identified that the letter was from the American Civil Liberties Union (ACLU). The appellant contends that the ACLU meets the criteria as a legitimate legal services organization; therefore his mail should not have been opened. The appellant requests that these violations cease and that the PBPS comply with California Code of Regulations, Title 15, Section (CCR) 3141.

**II    SECOND LEVEL'S DECISION:** The reviewer found that a comprehensive and thorough review of the appellant's appeal was conducted. The Second Level of Review (SLR) cited CCR 3143 "Incoming correspondence bearing only a department or agency return address without any reference to the name or title of the officials or persons listed in Section 3141 will be processed by designated employees as nonconfidential correspondence." The SLR noted that the correspondence does not identify a specific person. The SLR denied the appeal.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.    FINDINGS:** The documentation and arguments are persuasive that the appellant has failed to support his appeal issues with sufficient evidence or facts to warrant a modification of the Director's Level of Review (DLR) reviewed the submitted evidence and concurs with the findings of the SLR in that the correspondence does not identify a specific person and merely identifies the ACLU. The DLR notes that pursuant to CCR 3143 "Incoming correspondence bearing only a department or agency return address without any reference to the name or title of the officials or persons listed in Section 3141 will be processed by designated employees as nonconfidential correspondence." The institution was unable to determine that the correspondence was from a legitimate representative of the ACLU if their name is not clearly identified on the front of the envelope. The institution must be able to verify the identity of the person sending the correspondence to prevent unauthorized correspondence. Therefore no relief is provided at the DLR.

**B.    BASIS FOR THE DECISION:**
CCR: 3000, 3001, 3130, 3141, 3143, 3144, 3147, 3270

**C.    ORDER:** No changes or modifications are required by the institution.

PINA, D-28079
CASE NO. 0701937
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, PBSP
       Appeals Coordinator, PBSP

LETTER SENT TO
N. GRANNIS
3RD LEVEL REVIEW.

COPY:
10-21-07

Dear Sir,

I just recieved your response to my 602 appeal on the opening of legal mail, LOG # 07-01007.

I am not going to re-argue the issue with you because I see that you cite your rules and regulations, but you don't follow them.

And when asked why you opened the letter that I appealed that was from the ACLU, you claim if it doesn't fit the criteria cited in the title 15, its treated as regular mail.

But the ACLU is recognized in the title 15 as one of the legal organizations that like the courts and others should have no problem coming into the prison.

But it was still opened by the mail room because it don't have a lawyer's name on the outside of the envelope.

My issue though is this, if you don't recognize legal mail that comes into the prison from a law firm or organization.

You still don't have the right to open it. Its legal mail regardless of your procedures in the prison.

And the prisoner should have the right to have it returned to sender then for you to open it and read it out of the presence of the prisoner, its still legal mail.

But that's not why I wrote, I'm writing because you removed the ACLU envelope that I attached as an exhibit, why??

I would like that envelope returned as it is part of my appeal. This is the 2nd time that you've done this in the past month.

I need it so I could use it in a legal action I have in the courts regarding legal mail.

PABLO PIÑA

EXHIBIT-F

EX-F

STATE OF CALIFORNIA

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
D-4

Location: Institution/Parole Region    PBSP

Log No. D07-02074    Category 3

1. _____    1. _____

2. _____    2. _____
    processing of confidential correspond.

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| PIÑA PABLO | D-28079 | (SHU) | D-4 102 |

A. Describe Problem: THE FOLLOWING IS REGARDING THE CONTINUED OPENING OF LEGAL MAIL IN VIOLATION OF CONFIDENTIALITY BETWEEN ATTORNEY AND PRISONER, ON SEPT. 18TH 2007, I RECIEVED A LETTER THAT WAS FROM AN ATTORNEY AND LAW FIRM, IT WAS CLEARLY MARKED THAT IT WAS FROM A "LAW OFFICE", YET THE MAIL ROOM STAFF PERSON #3 STILL OPENED IT AND PROCESSED IT AS REGULAR MAIL, (PBSP) AND THE (CDCR) HAVE POLICIES THAT REQUIRE THEM TO OPEN LETTERS REGARDLESS OF WHERE THEY CAME FROM, IF THEY DON'T COMPLY WITH THEIR LEGAL STANDARDS, AND CRITERIA AND THIS IS WHAT I'M CHALLENGING, CDCR DOES NOT HAVE THE RIGHT TO DETERMINE, WHAT IS LEGAL MAIL AND WHAT IS NOT. (SEE ATTACHED LETTER)

If you need more space, attach one additional sheet.

B. Action Requested: THAT ALL MAIL THAT COMES FROM A LEGAL ORGANIZATION AND ATTORNEY LAW FIRM BE TREATED AS LEGAL CONFIDENTIAL MAIL, AND IF THEY'RE IN DOUBT THAT THEY EITHER OPEN IT IN FRONT OF THE PRISONER OR RETURN IT TO SENDER, THEY DO NOT HAVE THE RIGHT TO OPEN IT, REGARDLESS OF CDCR'S CURRENT POLICIES.

Inmate/Parolee Signature: Pablo Piña    Date Submitted: 9/20/07

C. INFORMAL LEVEL (Date Received: SEP 21 2007)

Staff Response: LAW OFFICES OF DOES NOT MEET THE CRITERIA FOR LEGAL/CONFIDENTIAL MAIL, SEE ATTACHED OP. 205

DEC 21 2007 RANCH

Staff Signature: Harold C    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

WE SEEN WHAT THE TITLE IS AND O.P. 205 SAY, BUT WHAT I'M ARGUEING IS THAT THE MAIL BEING OPENED IS IN FACT LEGAL MAIL ANY PLACE ELSE, EXCEPT THE PRISON SYSTEM, AND WHAT SHOULD BE DONE IS EITHER OPEN IT IN FRONT OF THE PRISONER WHICH ISN'T GOING TO BE TOO MUCH TROUBLE, OR HAVEN'T RETURNED TO SENDER YOU SHOULD NOT OPEN IT.

Signature: Pablo Piña    Date Submitted: 9/23/07

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim    CDC Appeal Number: _____

SEP 2 4 2007    NOV 08 2007
1st law-BS    2 APPEALS

95

First Level ☐ Granted ☐ P. Granted ☑ Denied ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 9-24-07  Due Date: 11-06-07

Interviewed by: Diane DePew OSS1 (A) October 5, 2007

I went over policies and procedures for legal mail with inmate Piña

Staff Signature: Tammy Joss  Title: PSOII  Date Completed: 10-9-07

Division Head Approved: Signature: _____  Title: CBM  Returned Date to Inmate: 10-30-07

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

I continue to appeal this issue further because as I explained to the mail room lady, opening legal mail is a violation of confidentiality, even if your policies don't want to recognize the letter as such, it's still legal correspondence and you don't have the right to open it. If you don't want to let it in then it should be returned to the party that sent it, very simple and the legal thing to do.

Signature: Pablo Piña  Date Submitted: 10/31/07

Second Level ☐ Granted ☐ P. Granted ☑ Denied ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 11-02-07  Due Date: 12-05-07
☑ See Attached Letter

Signature: V. Aguey  Date Completed: 11-21-07

Warden/Superintendent Signature: M Castellew  Date Returned to Inmate: 12/06/07

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Legal mail is opened by PBSP officials all the time, even when it has the name of the attorney's firm on the envelope. If they will not recognize this as legal mail it should be returned to sender, not opened by officials. What gives them the right to open it, it is not regular mail.

Signature: Pablo Piña  Date Submitted: 11/12/07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☑ Denied ☐ Other _____
☑ See Attached Letter  Date: MAR 17 2008

CDC 602 (12/87)

3x3

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P.O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    MAR 1 7 2008

In re:    Pablo Pina, D28079
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0717653        Local Log No.: PBSP-07-02074

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. J. Allen. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:**    It is the appellant's position that his legal mail was inappropriately processed by staff at Pelican Bay State Prison (PBSP). The appellant contends that his confidential legal mail was incorrectly processed as non-confidential and opened by staff. The appellant states a legitimate law office was listed as the return address on the envelope and the Department should not be allowed to determine what constitutes legal mail and what does not. The appellant requests on appeal that all mail that comes from a legal organization and an attorney law firm be treated as legal confidential mail.

**II    SECOND LEVEL'S DECISION:** The reviewer found that the mail received by the appellant did not bear the name of a specific attorney, and therefore, the correspondence was properly processed in accordance with the California Code of Regulations, Title 15, Section (CCR) 3143. The appellant's claim that his rights were violated is without merit, and there was no violation of departmental or institution policy. It is recommended that the appellant advise his attorney of the Department's requirement to avoid similar occurrences. The appeal was denied at the Second Level of Review.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.    FINDINGS:** The envelope included within this appeal is clearly the company's return address and does not indicate that it is from a specific attorney as required by CDCR policy. The appellant's claim that the Department does not have the authority to enforce its regulations regarding confidential mail lacks merit.

The actions taken by staff were appropriate and the appellant's mail was properly processed. The appellant has failed to support his claim that his mail met the criteria to be processed as confidential. Relief at the Director's Level of Review is unwarranted in this matter.

**B.    BASIS FOR THE DECISION:**
CCR: 3001, 3004, 3130, 3131, 3143, 3380

**C.    ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, PBSP
Appeals Coordinator, PBSP

| PELICAN BAY STATE PRISON |
|---|
| SECOND LEVEL REVIEW |

DATE: **DEC 0 5 2007**

Inmate PINA, D-28079
Pelican Bay State Prison
Facility D, Security Housing Unit
Unit 4, Cell 102

RE: WARDEN'S LEVEL DECISION          APPEAL: DENIED
    APPEAL LOG NO. PBSP-D-07-02074          ISSUE: MAIL

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP).
D. Depew, Office Services Supervisor I (A), Mailroom interviewed the inmate on October 5, 2007,
at the First Level of Appeal Review.

## ISSUES

Inmate Pina requests that all mail coming from a legal organization or law firm be treated as
confidential mail. In addition, he requests his mail be opened in front of the inmate or returned to
sender.

## FINDINGS

### I

The inmate claims that he received a confidential letter from his attorney that was inappropriately
processed outside of his presence.

### II

The California Code of Regulations (CCR), Title 15, Section 3141(c) (6), allows an inmate to
confidentially correspond with an Attorney at Law, who is listed with a state bar association.

The CCR, Title 15, Section 3144, requires confidential mail to be opened and inspected for
contraband only and only in the presence of the inmate.

The CCR, Title 15, Section 3143, requires that incoming correspondence bearing only a department
or agency return address without any reference to the name or title of the officials or persons listed
in Section 3141 will be processed by designated employees as nonconfidential correspondence.

## DETERMINATION OF ISSUE

A Deputy Director's Memorandum dated January 29, 2004, provides clarification relative to the
processing of confidential mail. It states incoming correspondence that does not bear a specific
name; except for the CCR, Section 3141(c) (5) and (c) (7), shall be processed as non-confidential

Supplement Page 2
PINA, D-28079
Appeal # PBSP-D-07-02074

correspondence. The correspondence in question is from The Law Offices of Allred, Maroko & Goldberg, which does not reflect the name of the individual responsible for the correspondence, particularly since multiple attorneys are most likely employed at these offices. As a result, a determination has been made the correspondence was appropriately processed as a non-confidential correspondence; therefore, the APPEAL IS DENIED.

## MODIFICATION ORDER

No modification of this decision or action taken is required.

ROBERT A. HOREL
Warden

DLJ #12    11-21-07

Law Offices
ALLRED, MAROKO & GOLDBERG
6300 WILSHIRE BOULEVARD
SUITE 1500
LOS ANGELES, CALIFORNIA 90048

9553147500

SEP 18 2007



Pablo Pina D-28079
P.O. Box 7500 D.4 102
Crescent City, CA 95531

LOS ANGELES CA
12 SEP 2007
FIRST CLASS



02 1A
0004353674
MAILED FROM ZIP CODE 90048
UNITED STATES POSTAL
$ 00.41°
SEP 12 2007

receipt of any confidential, legal or certified mail. The unit legal mail log will be maintained in each housing unit.

c.   The assigned staff will issue the mail to the inmate after checking the inmate's State identification card, or by having the inmate recite his entire State identification number.

d.   The staff member issuing the mail will open the letter in the presence of the inmate and shake out the contents and inspect (not read) the documents to ensure contents are appropriate.

1)   If no prohibited material is discovered, the contents will be returned to the envelope and handed to the inmate.

2)   If funds are enclosed they will be placed in an evidence locker for crediting to the inmate's trust account by the Evidence Officer in accordance with this procedure. A CDCR 128B will be given to the inmate as his receipt of the funds by the issuing staff member.

e.   Process of delivering "refused" legal/confidential or certified mail to inmate(s):

1)   When an inmate refuses delivery of legal/confidential or certified mail, the mail shall be returned to the Mailroom accompanied by three copies of a CDCR 128B Chrono, witnessed by two staff members.

a)   The chrono shall indicate the attempted delivery dates and the reason for refusal (if known).

b)   The Mailroom will retain one copy of the chrono for attaching to Mailroom legal card files and forward a copy with the refused mail to the correspondent or sender of the letter. Original to Central File and two copies to the Mailroom.

f.   Processing and disposition of confidential correspondence where the identifying information is incomplete:

Incoming confidential correspondence must have the name, title, and return address of one of the officials or persons listed in the CCR, Title 15, Section 3141(c). Per the CCR, Title 15, Section 3143, the name of an agency or firm is not, in itself, sufficient. The return address must include the name or title of the specific attorney printed on the outside of the envelope. For example, the title "Attorney at Law" without the name of a specific attorney, "Law Offices of" followed by the name of attorney/attorneys, or the name of a law firm is not sufficient.

EXHIBIT - G

RE:
DECLARATION
BY PABLO PIÑA D-28079

I PABLO PIÑA D 28079 HEREBY DECLARES THAT:

1). ON SEPTEMBER 18TH 2007 WHILE I WAS OUT ON THE EXERCISE YARD I WAS CALLED IN TO TALK TO SGT. BARNBURG. ABOUT A 602 APPEAL I FILED. ABOUT McCOVEY AND MYSELF.

2). THE 602 APPEAL WAS AN ATTEMPT TO RESOLVE AN ISSUE THAT HAS BEEN ON GOING FOR AT LEAST A YEAR MAYBE A LITTLE MORE.

3). IN THE APPEAL I EXPLAINED THAT I WAS AWARE THAT THE UNIT FLOOR OFFICER PARKER HAS FILED SOME TYPE OF REPORT OR COMPLAINT AGAINST ANOTHER OFFICER, WHO ALSO WORKED IN THE UNIT OFF AND ON, A FEMALE OFFICER MCCOVEY.

4). I KNOW THAT THE UNIT OFFICER did THIS BECAUSE IVE HEARD HER CONSTANTLY TALKING ABOUT THE OTHER FEMALE OFFICER NAMED MCCOVEY. ABOUT HOW SHE DONT WANT HER IN THE UNIT.

5). AT FIRST I didN'T GIVE IT TOO MUCH ATTENTION, OR did IT BOTHER ME BECAUSE IT WAS BETWEEN TWO LADY OFFICERS. AND PERSONALLY FIGURED THEY'D RESOLVE IT THEMSELVES, AS THE PROFESSIONALS THEY ARE.

6). SGT. BARNBURG TOLD ME THAT HE WAS NOT AWARE OF ANY OF THIS, AND THAT OFFICER MCCOVEY COULD WORK IN D-4 ANY TIME SHE WANTED, OR ANY PLACE SHE WANTED.

7). I TOLD HIM THAT I WANT MY NAME REMOVED FROM ANY REPORTS THAT WERE FILED BY PARKER ON OFFICER MCCOVEY.

8). SGT. BARNBURG SAID THAT NO REPORTS HAVE BEEN FILED ON OFFICER MCCOVEY, AND MY NAME WASN'T USED, HE TOLD ME HE WOULDN'T LIE TO ME.

9). THE 602 APPEAL WAS ASKING THAT I BE ALLOWED TO REVIEW ANY INFORMATION FILED AND PLACED IN MY C-FILE SO THAT IT CAN BE CORRECTED OR REMOVED. UNDER THE RULES OF THE DIRECTOR.

10). SGT. BARNBURG. AGAIN SAID THAT HE HAS NOT SEEN ANY SUCH REPORTS AND THEY DONT EXIST.

11). IN THE 602 APPEAL I HAD EXPLAINED THAT I HEARD ONE OF THE 3RD WATCH OFFICERS A FAT COP AND S&E WHO WORKS WITH PARKER, TELLING ANOTHER OFFICER THAT MCCOVEY WAS BANNED BECAUSE OF ME.

12). I ALSO EXPLAINED THAT THE FAT COP WAS COMPLAINING ABOUT HOW I EXERCISE, THAT IT HAD SOMETHING TO DO WITH ALL THIS. AND I TOLD BARNEBURG WHAT I DO WITH MY TIME ON THE YARD IS MY BUSINESS.

13). WE ONLY GET AN HOUR AND A HALF ON THE YARD, AND I USE EVERY MINUTE OF IT AS LONG AS IM NOT EXERCISING BUTT NAKED IT SHOULDN'T BOTHER ANYONE. AND IF IT'S TOO MUCH EXERCISE, THAT'S MY EXERCISE ROUTINE. AND IM NOT GOING TO CHANGE IT.

14). I TOLD BARNEBURG I DON'T UNDERSTAND ANY OF THIS. I SIT IN MY CELL DOING MY OWN THING. I TALK TO VERY FEW PEOPLE AND OFFICERS. AND YEAH I KNOW WHO MCCOVEY IS EVERYONE KNOWS HER. SHE'S WORKED HERE ALMOST AS LONG AS WE BEEN HERE IN SHU. BUT WHAT EXACTLY HAS SHE DONE SHE DIN'T EVEN TALK TO ME. BUT IF I WAS ASKED IF I LOOK AT HER ID SAY HELL YEAH I CHECK HER OUT. I'M A MAN. AND A PRISONER. IM SUPPOSE TO LOOK AT HER.

15). I TOLD BARNEBURG MY APPEAL IS ASKING TO REVIEW ANY REPORTS FILED AGAINST HER THAT USED MY NAME, IT'S NOT ABOUT WANTING TO SEE MCCOVEY PER-SE, BUT TO KNOW EXACTLY WHAT WAS SAID THAT CAUSED THEM TO BAN HER FROM D-4.

16). IF OFFICER MCCOVEY WAS BANNED BECAUSE OF ME IN ANY WAY, THEN IT DUES AFFECT ME, AS MUCH AS IT AFFECTS HER, ESPECIALLY IF PEOPLE ARE MAKING UP STUFF TO GET IT DONE.

17). I TOLD BARNEBURG THAT IM TRYING NOT TO MAKE AN ISSUE OUT OF ALL THIS, BUT LISTENING TO ALL THE RUMORS AND GOSSIP BY HIS OFFICERS OUT THERE IS DISTURBING AND IS GOING TO BE PLACED IN MY FILE. AND NOT TO FORGET THE PROBLEMS IT'S CAUSING FOR MCCOVEY.

18). FOR ONE DAY AT LEAST THEY MUST OF LIFTED THE BAN ON MCCOVEY BECAUSE SHE CAME TO THE UNIT ON 2ND WATCH. BUT AS SOON AS 3RD WATCH CAME AND SAW HER, WILLIAMS AND FATBOY SAID "WE'LL SEE WHAT PARKER HAS TO SAY ABOUT THAT".

19). THEN THE NEXT DAY OR TWO DAYS LATER THAT S&E CAME TO WORK AND SAID THAT MCCOVEY WAS BACK ON IT "RESTRICTION" SHE WAS SENT TO THE INFIRMARY.

19). I WAS ALREADY IN THE PROCESS OF WRITING A CIVIL SUIT ON BEING HELD IN THE SHU ON INDETERMINATE STATUS, AND HOW THE I.G.I. USES AND PROMOTES FALSE INFORMATION. OR INFORMATION WHICH IS QUESTIONABLE TO KEEP INMATES IN SHU.

20). SGT. BARNEBURG LIED TO ME. HE TOLD ME THAT MY NAME IS NOT IN ANY REPORTS. AND HE ALSO SAID THAT MCCOVEY WAS NOT BANNED FROM D-4. BUT THE 3RD WATCH OFFICERS CONTINUE TO TALK ABOUT MCCOVEY AND HER RESTRICTION FROM WORKING IN D-4. SO IF HE LIED ABOUT THAT. THEN I BELIEVE HE'S ALSO LYING ABOUT REPORTS USING MY NAME.

21). TRYING TO SORT OUT ALL OF THIS WITH SGT. BARNEBURG did NO GOOD AT ALL. I TOLD HIM I WANTED TO AVOID MAKING AN ISSUE OUT OF THIS BECAUSE IT'S DUMB. AND I THINK THAT MCCOVEY HAS BEEN PUT THROUGH ENOUGH ALREADY.

22). HOW THEY CAN BAN AN OFFICER LIKE THAT ON ACCUSATIONS BY ANOTHER OFFICER. WITH NO PROOF. OR SOLID EVIDENCE. ONLY MAKES THEM LOOK BAD. BUT ITS THE DAMN RUMORS SOME OFFICERS HAVE STARTED THAT ARE ONLY MAKING THINGS WORSE FOR HER. ANYONE WITH A DISLIKE FOR HER CAN SAY WHATEVER NOW. AND ITS GONA BE BELIEVED BY HER SUPERVISORS.

23). WHEN MCCOVEY COMES TO THIS UNIT SHE HELPS WITH CANTEEN, PASSING OUT TRAYS LIKE ALOT OF OFFICERS DO FOR EACH OTHER. IT'S NOT TO TALK TO ME. SHE DON'T EVEN TALK TO ME. NOT THAT ALL OF THIS DON'T MAKE ME FEEL GOOD. ANY INMATE WOULD LIKE TO BE IN THIS POSITION I'M IN.

24). BUT I CAN SEE HOW IT'S BEING USED FOR OTHERS TO ATTACK HER FOR PESONAL REASONS. NOT BECAUSE OF THIS. AND ANYONE KNOWS IF A GUARD IS ACCUSED OF MISCONDUCT THAT INVOLVES AN INMATE THAT COULD GET HIM/OR HER FIRED. AND THATS NOT GOING TO BE BLAMED ON ME.

25). I'VE HEARD OFFICERS TELL HER SHE CAN'T COME INTO D-4. AND OR TELL HER TO LEAVE. HOW MUST THAT FEEL. SHE BEING AN OFFICER AND TREATED LIKE ME IF I'M OUT OF BOUNDS.

26). I ASKED YOU ALL TO STRAIGHTEN THIS OUT AMONGST YOURSELVES BUT INSTEAD I'M FORCED TO GO TO THE COURTS. AND I HAVE TO PUT EVERYTHING OUT FRONT. SOME OFFICERS HAVE NO CLASS AT ALL. NOT TO MENTION PROFESSIONAL ETHICS.

                    I DECLARE UNDER PENALTY OF PERJURY THE ABOVE IS TRUE AND CORRECT.
                    TO THE BEST OF MY KNOWLEDGE.

                                                    RESPECTFULLY SUBMITTED.
Dated 9/18/07

EXHIBIT - H

NON-C-FILE REVIEW

PELICAN BAY STATE PRISON
STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
SECURITY HOUSING UNIT
**INMATE/PAROLEE**    UNIT D-4    Location: Institution/Parole Region    Log No.    Category
**APPEAL FORM**
CDC 602 (12/87)    1. __PBSP__    1. __D07-02501__    __613__

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are then not satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| PIÑA PABLO | D-28079 | (SHU) | D-4 102 |

**A. Describe Problem:** THE FOLLOWING IS REGARDING INFORMATION WHICH IS PLACED IN MY C-FILE, AND THE DENIAL OF THE ABILITY TO REVIEW AND CHALLENGE IT, OR AS INDICATED IN CCR TITLE 15 SECTION 3450 (A). I CAN ASK THAT INFORMATION BE CORRECTED.

I REQUESTED INFORMATION UNDER THE PUBLIC RECORDS ACT AND WAS DIRECTED BACK TO THE UNIT COUNSELOR. THE COUNSELOR AND I REVIEWED MY NON-CONFIDENTIAL FILES AND THERE WAS NOTHING THERE, EVEN THOUGH I KNOW INFORMATION HAD TO OF BEEN PLACED IN IT. (SEE ATTACHED SHEET)

If you need more space, attach one additional sheet.

**B. Action Requested:** THAT I BE GIVEN ACCESS TO ANY INFORMATION THAT WAS WRITTEN BY THE (ATTACHED SHEET) OFFICIALS, OR ANYONE THAT MAY OF WROTE ANY REPORTS THAT BEAR MY NAME DIRECTLY INVOLVED OR INDIRECTLY INVOLVED WITH ANY INCIDENT OR ASSUMED INCIDENT.

Inmate/Parolee Signature: _Pablo Piña_    Date Submitted: 11-12-07

**C. INFORMAL LEVEL** (Date Received: 11/13/07)

Staff Response: Litigation referred back to me. We completed an Olson Review on 9/27/07, as you wrote in 602. I cannot do any more @ my level, therefore denied.

Staff Signature: _B Guerins CCI_    Date Returned to Inmate: 11/13/07

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

I AM NOT SATISFIED BECAUSE I WOULD LIKE TO REVIEW ANY REPORTS WRITTEN THAT HAVE MY NAME CONNECTED TO THEM IN ANY WAY, SO THAT I COULD CLEAR UP ANYTHING THAT IS INCORRECT OR FALSELY STATED. AS IS MY RIGHT ACCORDING TO THE SECTION CITED.

Signature: _Pablo Piña_    Date Submitted: 11/13/07

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim.

NOV 14 2007    DEC 18 2007
1ST AW-SHU    2ND APPEALS

109

0<sup>11</sup>

First Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 11/14/07    Due Date: 12/31/07

Interviewed by: CCII M. PEÑA ON 11/21/07 (See attached)

_____

_____

_____

_____

_____

Staff Signature _____    Title: FC(A)    Date Completed: 12/8/07

Division Head Approved

Signature: Castellaw    Title: AW    Returned

Date to Inmate: 12/13/07

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

WHAT I WOULD LIKE IS A CLARIFICATION. THERE HAS BEEN A DISPUTE AS TO WHETHER THIS INFOR-
MATION EXISTED. AT FIRST SGT. BARNBURG AND THEN COUNSELOR PEÑA TOLD ME THAT NO SUCH
REPORTS EXIST, AND THAT NOTHING WAS FILED AGAINST THAT OFFICER BY C/O PARKER NOR ANY
DISPOSITION TAKEN AGAINST THAT OFFICER MCCOVEY. AND THAT MY NAME WAS NOT USED AT ALL
I'D LIKE THIS CLARIFIED AND PUT IN WRITING IF ITS NOT TOO MUCH TROUBLE.

Signature: Pablo Diaz    Date Submitted: 12/16/07

Second Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 12/18/07    Due Date: 01/17/08    1/24/08

☒ See Attached Letter

Signature: Marquez    Date Completed: 1/23/08

Warden/Superintendent Signature: _____    Date Returned to Inmate: 1/24/08

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

CONFIDENTIAL INFORMATION USED AS TO DENY ACCESS FOR A PRISONER'S VIEWING ONLY PERTAIN
TO GANG RELATED INFORMATION, INFORMANT INFORMATION AND NAMES. THIS DOES NOT
COVER CORRECTIONAL STAFF. AS THEY ARE NOT GIVING CONFIDENTIAL INFORMATION. I AM
ASKING TO REVIEW ANY REPORTS THAT MAY HAVE MY NAME USED IN THEM BY THE ABOVE
LISTED STAFF. AND OR ANY ONE ELSE THAT MAY OF WRITTEN ANYTHING REGARDING THIS
ISSUE.

Signature: Pablo Diaz    Date Submitted: 1/29/08

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

☐ See Attached Letter

Date: _____

CDC 602 (12/87)

H☒

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 8/6/07 | LITIGATION OFFICER | PIÑA  PABLO | D-28079 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER | TO |
|---|---|---|---|---|
| D-4 | 102 ¥ | | | |

PELICAN BAY STATE PRISON

FROM

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)

SECURITY HOUSING UNIT

ASSIGNMENT HOURS
FROM ___ TO ___

UNIT D-4

## Clearly state your reason for requesting this interview.
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I'd LIKE A COPY RETURNED OF THIS PUBLIC RECORDS REQUEST - WITH ANY RESPONSE,
approval or denial. So I could use as an exhibit in a legal case. I Plan on
Filing a civil suit. regarding this                                  Thank you.

Do NOT write below this line. If more space is required, write on back

INTERVIEWED BY                                                        DATE

Documents of that Nature MAy be in your

DISPOSITION

Central file - they ARE NOT Public Records. Contact
your Counselor for A file Review if you have NOT
Already Done So              [signature]  8-17-07

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
REQUEST TO INSPECT PUBLIC RECORDS
CDCR 1432 (Rev. 10/06)

I request to inspect, in accordance with California Government Code (CGC) Section 6253 and the Guidelines for the Inspection of Public Records (CDCR form 1431), established by the California Department of Corrections and Rehabilitation (CDCR), records of the following name or type, maintained at the below CDCR location.

**NAME OF RECORD(S) OR DESCRIPTION OF SUBJECT MATTER:**

ID LIKE TO SEE ANY AND ALL REPORTS FILED recently BY OFFICER PARKER D-4 FLOOR OFFICER THAT MENTIONS ME, IN ANY FASHION, diRECTLY ACCUSING ME OR INDIRECTLY ACCUSING ME OF INAPPROPRIATE BEHAVIOR WITH A CDC OFFICIAL. THE complaint was FiLED ON THE OFFICIAL not ME. but you must have a copy.

**FACILITY OR OFFICE WHERE THE RECORD IS MAINTAINED:**

PBSP

### Please mark the appropriate box

☐ I do not desire to have a copy of the above record reproduced for my use.

☒ Reproduce a complete copy of the above named record for my use. I agree to pay postage and 12 cents for each page photocopied.

| REQUESTOR'S NAME (PRINT) | REQUESTOR'S SIGNATURE | DATE |
|---|---|---|
| PABLO PIÑA D-28079 | *(signature)* | 8/6/07 |

**REQUESTOR'S ADDRESS:**

| ADDRESS | CITY, STATE | ZIP CODE |
|---|---|---|
| P.O. Box 7500 | CRESCENT City, Calif | 95531 |

### FOR DEPARTMENTAL USE ONLY
### Mark the appropriate box(es) and complete the related section(s).

☐ An appointment has been made for the requestor to inspect the requested record(s).

Date _____ Time _____ Location _____

Signature of PRA Coordinator Authorizing Inspection _____ Date _____

☐ The requestor has inspected the requested record(s).

Inspection Date _____ Signature of PRA Coordinator authorizing the inspection _____

☐ The requestor has requested copies of the above named record(s).

Number of pages copied _____ Total Cost _____ Payment Method _____

☒ The requested record(s) is/are not considered a public record and will not be disclosed to the requestor. The requestor has been informed in writing of this decision and that the requestor may appeal this decision. CONTACT your Counselor for A file Review

Signature of PRA Coordinator denying disclosure *(signature)* Date 8-17-07

☐ The extent of the inspection requested or the reproduction services required, exceeds the service that can be provided at this location. The request has been referred to the appropriate Division/Office, for further consideration.

Signature of PRA Coordinator making the referral _____ Date _____

Pursuant to CGC Section 6253(c), an extension is needed to collect and review the requested record(s).

Reason: _____

Anticipated date of determination (Not to exceed 14 days beyond the original 10 authorized days). _____

Signature of PRA Coordinator Authorizing Extension _____ Date _____

cc: attatchment

under article 6, section 3450 (A) it states that any person on whom the dept. maintains a record or file containing personal information has the right to inspect their record or authorize any person to inspect such records. and to request amendments to collect outdated or inaccurate or incomplete information....

I am fully aware that some type of information was put into my file. I asked for an oisen review of my file to see if it was in there.

I am only allowed to review the non-confidential portion of my file. But was told by the counsior that the information that I am looking for would be in my confidential folder and I am not allowed to review that.

So in other words any information can be placed in my confidential folder and thats it, I'm not able to challenge it, according to section 3450 (A). I can have information corrected. But if I'm not allowed to review what exactly was written I can't do this.

I am now asking that I be given a copy of any dates of any reports, 128 chronos or others that were written by the following officers, SGT. Rangel, SGT. Barnburg, SGT. Moore, SGT. Beeson, and officer Parker and any other officers who may have filed reports against me, or that used my name in any reports filed against officer McCovey.

I am also asking for any copies of memorandums, bulletins, flyers, etc. that officer McCovey is banned from writing...

### FIRST LEVEL SUPPLEMENTAL PAGE

**RE:**    PELICAN BAY STATE PRISON (PBSP)
     Appeal Log PBSP-D-07-02501
     First Level Reviewer's Response

     Inmate:    PIÑA, D-28079

**APPEAL DECISION:    DENIED**

**APPEAL ISSUE:** Access to Confidential Information.

**ACTION REQUESTED:** You are requesting access to Confidential Information.

### FINDINGS:

Correctional Counselor II (CCII) M. Peña was assigned to investigate your complaint by the First Level Reviewer. A review of your appeal, attachments, prior staff responses, and your Central File (C-File), has been completed. During the course of the investigation, the following information was noted:

CCII Peña interviewed you on November 27, 2007. You were asked to clarify your appeal issue. You stated that you believe there is information pertaining to you that has been kept out of your C-File, or placed in the confidential section of your C-File, so that you cannot review that information or refute its accuracy. After further discussion, it was determined that you were requesting access to the confidential section of your C-File. As discussed during the interview, staff is not allowed to arbitrarily place items into the confidential section of your C-File. Each piece of confidential information is reviewed by a Captain or higher who assures that each document placed in your confidential file meets all departmental standards for placement and retention in your confidential file. During the interview, you also stated that you knew this appeal would be denied, but requested an expeditious reply so you could get the issue to court. It is noted you originally submitted a Request to Inspect Public Records (CDCR Form 1432), dated August 6, 2007, requesting to see any and all reports filed recently by an officer that mentions you in any fashion regarding inappropriate behavior with a CDC official. You were advised, via the CDCR Form 1432, the information you requested is not considered public record, will not be disclosed, and to contact your assigned counselor for a file review. You received a review of your C-File October 2, 2007, as documented on CDCR Form 128B, of the same date. You were issued a CDCR Form 810, Confidential Information Listing on November 26, 2007. You have been issued CDCR Form 1030, Confidential Information Disclosure Forms for confidential information utilized in your prison gang validation and gang active/inactive review. You have received all disclosure to which you are entitled.

### DETERMINATION OF ISSUE:

The First Level of Review was comprehensive and appropriate and your concerns were clearly addressed. After a close review of this matter, I find that staff has acted appropriately and in

Appeal Log PBSP-D-07-02501
Page 2

accordance with State Law, the California Code of Regulations, Title 15, and the Department Operations Manual.

Based on the above information, your appeal is **DENIED** at the First Level of Review.

R. L. JOHNSON                    Date 12-8-07                M. D. CASTELLAW          Date 12-10-07
Facility Captain                                            Associate Warden
Facility D                                                  Security Housing Unit

| PELICAN BAY STATE PRISON |
| SECOND LEVEL REVIEW |

DATE:    **JAN 2 4 2008**

Inmate PINA, D-28079
Pelican Bay State Prison
Facility D, Security Housing Unit
Unit 4, Cell 102

RE: WARDEN'S LEVEL DECISION                  APPEAL: DENIED
    APPEAL LOG NO. PBSP-D-07-02501           ISSUE: CASE INFO. / RECORDS

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP). M. Pena, Correctional Counselor II, interviewed the inmate on November 27, 2007, at the First Level of Appeal Review. D. Jacquez, Correctional Counselor II, interviewed the inmate at the Second Level of Appeal Review on January 23, 2008.

## ISSUES

Inmate Pina requests access to confidential information contained in his Central File.

## FINDINGS

I

All Confidential Information Disclosure Forms and the Confidential Information Listing were issued to the inmate. The inmate received an Olson Review on October 2, 2007.

II

The California Code of Regulations (CCR), Title 15, Section 3326 (a) (2) & (3), states upon conclusion of disciplinary proceedings, all documents relating to the disciplinary process, findings and disposition shall not be placed in any file pertaining to the inmate when the inmate is found not guilty of the charge, unless information developed through the disciplinary process such as enemy information needs to be considered in future classification committee determinations. All supplemental reports shall be destroyed.

The CCR, Title 15, Section 3320 (l), requires that any finding of guilt be based upon a determination by the official conducting the disciplinary hearing that a preponderance of evidence submitted at the hearing substantiates the charge.

The CCR, Title 15, Section 3321(b) (1), states that no decision shall be based upon information from a confidential source, unless other documentation corroborates information from the source, or unless the circumstances surrounding the event and the documented reliability of the source satisfies the decision maker(s) that the information is true.

Supplement Page 2
PINA, D-28079
Appeal # PBSP-D-07-02501

The CCR, Title 15, Section 3326 (d), states the dismissal of disciplinary charges shall require an audit and updating of any documentation in the inmate's Central File reflecting a pre-hearing assumption of guilt. Such documentation shall not be removed from the inmate's Central File but shall be annotated with a cross-reference to a CDC 128-B, General Chrono, documenting the most recent findings and action on the charge.

## DETERMINATION OF ISSUE

The inmate refers to the inspection of records referred to in the CCR, Title 15, Section 3450 (a). This section allows any person the department retains records on to be able to access and request amendment to incorrect information. The CCR, Title 15, Section 3450 (d), denies inmates the same access. During the Second Level of Appeal interview, the inmate had nothing to add except that he wanted to get through the CDCR appeal system to enable him to present this information to the courts: therefore, the APPEAL IS DENIED.

## MODIFICATION ORDER

No modification of this action or decision is further required.

ROBERT A. HOREL
Warden

DLJ #09  1-23-08

EXHIBIT I

RE: DECLARATION:
BY PABLO PIÑA.
D-28079.

I PABLO PIÑA D-28079 HEREBY DECLARES THAT;

1/. I SENT A REQUEST FOR ACCESS TO PUBLIC RECORDS UNDER THE PUBLIC RECORDS ACT TO THE LITIGATION OFFICE AND MR. BARTLOW.

2). HE RETURNED IT SAYING TO CONTACT MY COUNSELOR AND HE COULD SET UP A REVIEW OF MY C-FILE. (AN OLSEN REVIEW).

3). I DON'T KNOW IF AN OLSEN REVIEW IS THE SAME AS A REQUEST FOR PUBLIC RECORD ACCESS. BUT I DID THIS.

4/. DURING THE TIME PRIOR TO THIS REVIEW. ON AUGUST 20 TH 07 OFFICER PARKER WHILE SORTING MAIL. CAME INTO THE POD AND TO MY CELL. SHE HANDED ME THE REQUEST FOR PUBLIC RECORDS AND TOLD ME THAT SHE READ IT. AND THAT SHE DON'T KNOW WHAT REPORT IM REFERRING TO.

AS THE REQUEST WAS ASKING FOR COPIES OF ANY REPORTS THAT SHE PARKER MAY OF FILED AGAINST ANOTHER OFFICER WHICH MAY CONTAIN MY NAME.

5). OFFICER PARKER TOLD ME THAT SHE HAS NOT FILED ANY REPORTS AND DON'T KNOW WHY I WOULD THINK THAT.

6). I ASKED PARKER IF SHE FILED ANY COMPLAINTS ON THAT OFFICER OR ANY ONE AND SHE SAID NO. "I WOULD NEVER DO THAT". AND SHE WALKED AWAY.

7). I KNOW FOR A FACT THAT PARKER HAS FILED A COMPLAINT AGAINST OFFICER MCCOVEY. AND ALSO KNOW THAT MY NAME WAS USED TO GET IT PROCESSED. I NOW AM ASKING TO REVIEW THOSE REPORTS.

8). IF OFFICER PARKER DID NOT FILE A REPORT AGAINST OFFICER MCCOVEY THEN WHY IS THAT OTHER OFFICER BEING BANNED/RESTRICTED FROM WORKING IN D-4 AND SPECIFICALLY BANNED FROM GOING INTO (D-4 A-POD) WHERE I RESIDE.

I DECLARE UNDER PENALTY OF PERJURY THE FOLLOWING IS TRUE AND CORRECT.

RESPECTFULLY SUBMITTED.

EXHIBIT - J

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC 128G (Rev. 1/28/03)

NO: D-28079  NAME: PINA                    PABLO          Cell/Bed: D9-102L

Custody: MAX5  CS: 427 (IV)  WG/PG: D1D  EFF: 5/21/05  Assignment: SHU Indet.

RelDate: MEPD 2/18/12      Reclass: 1/2007    ACTION: RETAIN SHU Indet.

BPH Hearing: INT. 1/2011        ANNUAL         REFER C3PR for

Breakdown of #3 file

Inmate PINA                          appeared / refused to appear before PBSP FAC C / D SHU UCC this date for 180-Day
Review. S is serving SHU Indeterminate due to his prison gang affiliation as documented on CDC 128B2 dated 5/24/05. S is an
Active / Inactive / Associate / Member of the NUESTRA FAMILIA (NF) prison gang. S's validation was reviewed
by Committee and found to meet the criteria required in CCR 3378(c). Committee acts to retain S in SHU per CCR 3341.5(c)(2)(A)2. S
participated in Committee's review of his case and agreed / disagreed with Committee action. S was informed / is informed via this chrono,
that the Departmentally recognized avenues for release from SHU are through the debriefing process or through being determined to be an
inactive prison gang member or associate as delineated in CCR, Title 15, sections 3378(e) and 3341.5(c)(4) and (5).
Comments: _____

---

Committee reviewed S for Inactive Gang Status as outlined in CCR 3341.5(c)(5) and noted the following:

X The last source document used in the validation process is dated Conf. 128B 6/12/01, indicating recent (within 6 years) gang activity.

☐ Noted is a previous Inactive Review, documented on CDC-128B dated _____, indicating S does not meet the Inactive
criteria. S will be eligible for another Inactive Review active _____.

☐ The date of the most recent gang activity, as noted in S's file, could not be established. Refer S to PBSP IGI for evaluation of his current
gang status.

☐ S has previously been referred to PBSP IGI for an Inactive Review, and the review is pending.

☐ S is pending DRB review.

☐ S was reviewed by the DRB on _____. The DRB determined _____
_____

☐ S is double celled with Inmate _____ # _____, / and states they are compatible.

☐ S has no cellmate and committee notes the "S" custody suffix has / has not previously been applied.

Committee acts to retain / affix the "S" suffix

☐ because S has not successfully completed the compatibility review for double celling in PBSP SHU.

X due to SAFETY CONCERNS _____

S is advised, via this chrono of the Committee's decision and his right to appeal.
☐ S was advised of Committee's decision and his right to appeal this Committee action and that it must be submitted within 15 working days
of this date, whether he has received the CDC Form 128G Classification chrono or not.

BPH Initial / Documentation # ____ / Subsequent # ____ Hearing scheduled in 1/2011

Next scheduled Committee will be 1/2007 for ANNUAL _____ Review.

MEMBERS: _____  _____  _____
         Chairperson                              Recorder

M. FERGUSON (Capt A)  M. PEÑA CCII  B. FLOWERS CCI
Print Name/Title      Print Name/Title    Print Name/Title

CC: ☐ OBIS  ☐ CSR  ☐ IGI  ☐ PSYCH  X C&PR  ☐ MED  ☐ OTHER _____

Committee Date: 9/5/06    Classification  FAC C / D SHU    UCC    180-DAY REVIEW    PBSP-SHU

EXHIBIT-K

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC 128G (Rev. 7/28/03)

NO: D-28070    NAME: _____    _____    Cell/Bed: _____
Custody: MAX S    CS: 423 (IV)    WG/PG: PLD EFF 5/21/05 Assignment: SHU Indet
RelDate: LIFE PD 2/18/2012    Reclass: 3/22/08    ACTION: Retain SHU Indet
BPH Hearing: LWT 2/2011

Inmate _____    appeared / refused to appear before PBSP FAC C (D) SHU UCC this date for 180-Day Review. S is serving SHU Indeterminate due to his prison gang affiliation as documented on CDC 128B2 dated 5/24/05 . S is an Active Inactive / Associate X Member of the NUESTRA FAMILIA (N.F.) prison gang. S's validation was reviewed by Committee and found to meet the criteria required in CCR 3378(c). Committee acts to retain S in SHU per CCR 3341.5(c)(2)(A)2. S participated in Committee's review of his case and agreed / disagreed with Committee action. S was informed / is informed, via this chrono, that the Departmentally recognized avenues for release from SHU are through the debriefing process or through being determined to be an inactive prison gang member or associate as delineated in CCR, Title 15, sections 3378(e) and 3341.5(c)(4) and (5).
Comments: _____

Committee reviewed S for Inactive Gang Status as outlined in CCR 3341.5(c)(5) and noted the following;

X The last source document used in the validation process is dated Conf. 128B 6/2/01 , indicating recent (within 6 years) gang activity.
☐ Noted is a previous Inactive Review, documented on CDC-128B dated _____ , indicating S does not meet the Inactive criteria. S will be eligible for another Inactive Review active _____ .
☐ The date of the most recent gang activity, as noted in S's file, could not be established. Refer S to PBSP IGI for evaluation of his current gang status.
X S has previously been referred to PBSP IGI for an Inactive Review, and the review is pending. ICC Action of 3/21/07.
☐ S is pending DRB review.
☐ S was reviewed by the DRB on 4/30/07 with . The DRB determined NO CONCERNS,
_____

☐ S is double celled with Inmate _____ , # _____ , / and states they are compatible.
X S has no cellmate and committee notes the "S" custody suffix (has) has not previously been applied.
Committee acts to (retain) affix the "S" suffix
☐ because S has not successfully completed the compatibility review for double celling in PBSP SHU.
X due to Possible Safety CONCERNS

X S is advised, via this chrono of the Committee's decision and his right to appeal.
☐ S was advised of Committee's decision and his right to appeal this Committee action and that it must be submitted within 15 working days of this date, whether he has received the CDC Form 128G Classification chrono or not.
BPH Initial / Documentation # _____ / Subsequent # _____ Hearing scheduled in 1/2011 _____
Next scheduled Committee will be 3/2008 for ANNUAL _____ Review.

MEMBERS: _____    _____    B. Flunma
    Chairperson    Recorder
    R. JOHNSON   F.C.    M. PEÑA   CCII    B. FLOWERS   CCI
    Print Name/Title    Print Name/Title    Print Name/Title

CC: ☐ OBIS  ☐ CSR  ☐ IGI  ☐ PSYCH  ☐ C&PR  ☐ MED  ☐ OTHER _____
Committee Date: 9/25/07    Classification    FAC C / D SHU    UCC    180-DAY REVIEW    PBSP-SHU

EXHIBIT - L

State of California

Department of Corrections and Rehabilitation
CDC Form 695

## INMATE/PAROLEE ~~DISCIPLINARY~~ APPEALS SCREENING FORM

Name: PABLO                        PBSP Log #: D28079

Number: D28079                     Housing: D4 102

YOUR APPEAL IS BEING REJECTED/CANCELLED AND RETURNED FOR THE FOLLOWING:

Screening Appeals Rejection Criteria:

[ ] 1.   The resolution is not within CDC's jurisdiction. See CCR, Title 15, Sections 3084.2(e) and 3084.3(c)(1).

[ ] 2.   The appeal duplicates the inmates previous appeal. See CCR, Title 15, Section 3084.3(c)(2).
    [ ] (a) Your appeal has been screened out on _____ for _____.
    [ ] (b) Your appeal is being reviewed at the _____ Level, Log # _____.
    [ ] (c) Your appeal has been completed at the _____ Level, Log # _____.

[ ] 3.   The appeal concerns an anticipated action or decision. See CCR, Title 15, Section 3084.3(c)(3).

[ ] 6.   The appeal exceeds the 15 working days time limit, and the inmate has failed to offer a credible explanation as to why he could/did not submit the appeal within the time limit. See CCR, Title 15, Sections 3084.2(c), 3084.3(c)(6), and 3084.6(c).

[X] 8.   Abuse of the Appeal Process/Right to Appeal.
    [ ] (a) Excessive filings. Submission of more than one non-emergency appeal within a seven-calendar-day period is excessive. See CCR, Title 15, Section 3084.4(a).
    [ ] (b) Inappropriate statements. The Appeal contains false information, profanity, or obscene language. The appeal is rejected. See CCR, Title 15, Section 3084.4(b).
    [ ] (c) Excessive verbiage. Appeal cannot be understood or is obscured by pointless verbiage or voluminous, unrelated documentation. See CCR, Title 15, Section 3084.4(c).
        [ ] (1) Only allowed 1 added page, front and back, to describe the problem and action requested in Sections A and B, per CCR, Title 15, Section 3084.2(a)(1).
        [ ] (2) Only supporting documentation necessary to clarify appeal shall be attached to the appeal, per CCR, Title 15, Section 3084.2(a)(2).
    [ ] (d) Lack of cooperation. Appellant refused to cooperate and/or interview with the reviewer which has resulted in cancellation of the appeal, per CCR, Title 15, Section 3084.4(d).
        [ ] (1) Your appeal was screened out and returned to you with instructions:
            [ ]                    [ ]                    [ ]
    [X] (e) Failed to reasonably demonstrate the decision, action, policy, or condition as having an adverse affect upon the inmate's welfare, per CCR, Title 15, Section 3084.1(a).
    [ ] (f) This is a request for information. It is not an appeal. Write a note (GA-22, Request For Interview form or CDC-7362, Medical Request form).

[ ] 9.   Cannot appeal on behalf of another inmate/person. See CCR, Title 15, Sections 3084.2(d) and 3084.3(c)(7).

[ ] 10.  Issue resolved at previous level of Appeal review. See CCR, Title 15, Sections 3084.3(c)(8) and 3084.4(d).

Comments: _____

_____

_____

DEC 2 2 2006

D. W. BRADBURY
Appeals Coordinator                Date

WIUBE

This screening decision may not be appealed unless you can support an argument that the above is inaccurate. In such a case, please return this form to the Appeals Office with the necessary supporting information.

**PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE**

PBSP      (Rev. 02/06)      CCR 3084.3(d)      PBSP

# PELICAN BAY S.H.U.

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## INMATE/PAROLEE D-4 APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region — PBSP

Log No.

Category — 5/15 "STAMPING" DEFACING PRISON

1. _____  1. _____

2. _____  2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| PINA PABLO | D-28079 | SHU | D-4 102 |

**A. Describe Problem:** THIS IS IN RESPONSE TO THE NOVEMBER 18TH MEMORANDUM ON THE STAMPING OF ALL OUTGOING 1ST CLASS MAIL WITH A RED "D-4 SHU" IDENTIFICATION MARK. THE MEMO WAS APPROVED AND SIGNED BY ASSOCIATE WARDEN SCAVETTA. THE IMPLEMENTATION OF THIS NEW POLICY AND PROCEDURE IS NOT IN COMPLIANCE WITH PROCEDURES THAT PRISON OFFICIALS MUST COMPLY WITH BEFORE IMPLEMENTING A NEW RULE AND REGULATION AS OUTLINED IN OAL PROCEDURES, AND THE COMPLETE DISREGARD FOR A PERSON'S LETTER TO FAMILY-FRIENDS-LOVED ONES BY PLACING A RED STAMP ACROSS THE WRITTEN PAGES AND THE SAME STAMP ACROSS ANY ART WORK THAT IS MAILED OUT OF THE SHU. THIS HAS NOTHING TO DO WITH A SECURITY INTEREST. THE MAIL IS READ BEFORE BEING MAILED OUT. MAIL IS READ WHEN IT COMES IN TO THE PRISON AGAIN.

If you need more space, attach one additional sheet.

**B. Action Requested:** IN C.C.R. TITLE 15 ARTICLE 4 SECTIONS 3130, 3131, 3132, 3133, 3135, 3136, ALL DESCRIBE THE POLICIES OF HOW PRISONERS MAIL SHOULD BE HANDLED, THEN THERE ARE THESE IN SECTIONS, 3138, 3139, AND 3147, (6); THE PRISON HAS MORE THAN ENOUGH RESTRICTIONS ON SHU OUTGOING MAIL AND SOME PROCEDURES THEY DON'T NOTIFY PRISONERS OF. THERE IS NO REASON FOR DEFACING OUR PERSONAL MAIL, EXCEPT TO INFLICT FURTHER INFRINGEMENT OF OUR PERSONAL MAIL.

Inmate/Parolee Signature: Pablo y Pina    Date Submitted: 12/3/06

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

DEC 04 2006    DEC 13 2006

18    25

State of California

# Memorandum

Date : November 13, 2006

To : All Security Housing Unit Staff

from : Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

subject : PROCESSING OF ALL OUTGOING AND INSTITUTIONAL MAIL

Effective immediately, staff processing outgoing mail from the Security Housing Unit will ensure the mailing and all its contents are stamped with red ink indicating the unit of origin. Only red ink shall be utilized to not interfere with the readability of the inmates writing in state-issued black ink. This process shall include all institutional mail. The following instructions will be adhered to when processing this mail.

> First class mail: This mail will be stamped on the outside of the envelope and all contents of the envelope. Each page of the letter will be stamped through the writing diagonally to prevent any third party mailer from removing the mail and photocopying the correspondence for forwarding. The envelope of each mailing shall be stamped to the left of the intended recipient's address. Caution must be utilized not to stamp over the intended address so there is no interference with the United States Postal Service processing.
> Legal mail: Only the outside of the envelope will be stamped, preferably on the reverse side across the seal.
> Postcards: Process the same as First Class mail.
> Institutional mail: The reverse of the form utilized may be stamped. If the form utilized by the inmate is double-sided, then discretion will be used in the location of the stamp to not interfere with the processing of the form. U-Save-'Em envelopes must have the contents stamped the same as First Class mailings.

All mailings or correspondence leaving the unit must be stamped. Therefore, it is advised only unit staff will be allowed to accept mail or forms for mailing. If unit visitors find it necessary to accept mail or forms from an inmate, unit staff will ensure the mailing or form is stamped prior to leaving the unit.

Staff are reminded that this process is implemented for tracking the point of origin of each mailing and discretion shall be utilized at all times to not deface or alter the mailing itself.

Attached to this memorandum are examples of preferred locations for stamp placement.

If you have any questions, please call Sergeant J. Beeson at extension 9086.

C.M. SCAVETTA
Associate Warden
Security Housing Unit

Attachments

cc: J. Beeson

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|------|-----|------------------|------------|
| JAN 5TH 07 | CONTROL BOOTH OFFICER 1ST WATCH. | PIÑA. P. | D-28079 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER |
|---------|-----------|------------------|-----------|
| D-4 | 102* | | FROM        TO |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | | ASSIGNMENT HOURS |
|------------------------------------------|--|------------------|
| | | FROM        TO |

### Clearly state your reason for requesting this interview.
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I DONT KNOW IF YOUR A REGULAR UP IN CONTROL BOOTH, BUT I HAVE S:ME QUESTIONS THAT MAYBE YOU COULD ANSWER AND CLARIFY A FEW THINGS FOR ME. BESIDES IT ISNT LIKE YOU HAVE ALOT TO DO BUT LOOK AT YOUR LITTLE CELL TOO. SO HERE IS WHAT IM ASKING. 1) I'D LIKE TO SEND SOME LEGAL MATERIAL OUT TO HAVE SOMEONE TYPE IT UP. AND MAIL IT BACK IN BUT IF YOU PLAN ON PUTTING A STAMP ON IT OVER THE WRITTEN LEGAL MATERIAL ITS GONG TO DAMAGE IT. MAKE IT HARDER TO READ YOUR COPY IT PROPERLY SO IS IT A MUST TO PUT STAMP ON WRITING ? 2) IM ALSO WANTING TO KNOW ABOUT HOW YOUR PUTTING STAMP ON ART WORK, SEE IN THE MEMO IT DONT SAY ANYTHING ABOUT STAMP NG ART WORK DOES IT? 3) AND LAST IM SENDING YOU A COPY OF A PHOTO SO YOU COULD STAMP IT EXACTLY HOW YOU DO IT SO I CAN SEE HOW YOU

| INTERVIEWED BY | DATE | THANK YOU FOR YOUR TIME |
|----------------|------|------------------------|

DISPOSITION

# PELICAN BAY S.H.U.
# UNIT D-4

( NOTE
( SEE BOTH SIDES )








602 APPEAL:
NEW POLICY REGARDING MAIL.

# PELICAN BAY S.H.U
# UNIT D-4

I'M AWARE THAT I HAVE THE RIGHT TO APPEAL ANY CDC ACTION THAT ADVERSELY AFFECTS ME OR MY RIGHTS. THIS IS A RIGHT THAT IS DESCRIBED IN THE C.C.R. TITLE 15 UNDER APPEALS. ARTICLE 8. SECTION 3084.1,

THE REASONS FOR THE FILING OF THE APPEAL ARE QUITE CLEARLY EXPLAINED IN THE 602, AND PERTAINS TO NOT JUST ART WORK, BUT TO THE DEFACING OF PRISONERS PERSONAL MAIL, AND MOST IMPORTANT OF ALL IS THE FACT THAT THIS POLICY WAS MERELY PUT INTO EFFECT WITHOUT FIRST HAVING IT GO THROUGH THE PROCESS OF GOING THROUGH THE (OAL).

SO THAT BEING SAID, THIS POLICY CAN'T BE LEGITIMATE WE ALL KNOW THERE'S A LEGAL FORUM FOR REVIEWING OF AND APPROVING NEW PROCEDURES.

THIS 602 APPEAL SHOULD HAVE BEEN FORWARDED TO ASSOCIATE WARDEN SCAVETTA FOR HER INFORMAL REVIEW.

RESPECTFULLY
PIÑA P.
# D-28079

# PELICAN BAY S.H.U.

Department of Corrections and Rehabilitation
CDC Form 695

## UNIT D-4

### INMATE/PAROLEE APPEALS SCREENING FORM

NAME: PABLO, PINA   CDC #: D28079   HOUSING: D4 102

## YOUR APPEAL IS BEING RETURNED FOR THE FOLLOWING REASON(S):

[ ] 4. In violation of the CCR, Title 15, Sections 3084.2(b), 3084.3(c)(4) & 3084.5(a)(1), you failed and must attach evidence that shows you attempted to get an Informal resolution, prior to the appeal being assigned to the Formal Level(s) of appeal review. If a staff member fails to respond after 10 working days, use the Chain of Command and submit the Appeal to that staff member's supervisor, or unit/area supervisors.

[ ] Counselor        [ ] PBSP R&R        [ ] Med Clinic        [ ] Records
[ ] Unit Officer     [ ] PSU Property    [ ] Dental Clinic     [ ] Inmate Assignments
[ ] Mail Room        [ ] PBSP SHU Prop.  [ ] Psych Office      [ ] PBSP Trust Office
[ ] Law Library      [ ] Food Services   [ ] Med Records       [ ] Plant Ops
[ ] Work Supervisor                      [ ] Other

[X] 5. You have not adequately completed the CDC Form 602, or have not attached the proper documents. Follow instructions and attach the items noted below, send what documents you have, or explain why they are not available per the CCR, Title 15, Section 3084.3(c)(5):

[ ] Supporting Documents & Receipts       [ ] CDC 1845 Disability Verification
[ ] GA 22 Request For Interview           [ ] CDC 1824 Reasonable/Accommodation
[ ] CDC 115 Results With final dispo      [ ] CDC 7362 Health Care Required Co-Pay
[ ] CDC 115 IE/DA information/Report      [ ] CDC 128-C Medical Chrono
[ ] CDC 115 Supplemental Reports          [ ] Cell Search Slip
[ ] CDC 114-D Lockup Order                [ ] Property Inventory Receipt
[ ] CDC 1030 Confidential Disclosure      [ ] CDC 143 Property Transfer Receipt
[ ] Lab Results Sheet                     [ ] Package Inventory Slip
[ ] CDC 7219 Medical Report               [ ] Proof of Ownership/Value
[ ] CDC 128-A                             [ ] More Specific Information
[ ] CDC 128-B                             [ ] Trust Statement
[ ] CDC 128-G                             [ ] CDC 193 Trust Acct Withdrawal Order
[ ] CDC 629A/629B Assess SHU Term         [ ] Legal Status Summary
[ ] CDC 812/A/B Critical/Enemy            [ ] Abstract of Judgment (AOJ)
[ ] CDC 839/840 Class/Reclass Score       [ ] CDC 1858[PC 148.6/CCR 3391(d)] Info.Advis.
[ ] CDC 958 Restoration Request           [ ] Emerg. Unwarranted CCR 3084.7(a)(2)(A)
[ ] CDC 1819 Correspondence Denial        [ ] Failed to Complete Section _____
[X] Other EVIDENCE OF DEFACING           [ ] Sign & Date Section _____
        ARTWORK                           [ ] CDC Form 602 _____

[ ] 7. The issue has been resolved, PBSP Appeal Log No. _____. A copy of the Second (Warden's) Level of Appeal review is attached per the CCR, Title 15, Section 3084.2(g)(1)(2)(3).

[ ] 8. Abuse of the appeal procedure: _____

Comments: _____

_____

_____

_____

DEC 1 1 2006

C. E. WILBER                              Date
Appeals Coordinator

This screening action may not be appealed unless the above reasons are inaccurate and the inmate can provide supporting arguments against the screening decision.
**PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE**

DEC 0 4 2006