PABLO PIÑA D-28079
P.O. BOX 7500  D-4 162
CRESCENT CITY, CALIF.
　　　　　　　　95531
　　PRO-SE

**FILED**

APR 23 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA.

PABLO PIÑA
　　PLAINTIFF.

-V-

JAMES TILTON
　　ET AL,
　　DEFENDANTS.

CIV# C07-4989 S.I.
1ST REQUEST FOR
PRODUCTION OF
DOCUMENTS.
Fed. Rules Civ. Proc.
Rule 34 (A).

　　PURSUANT TO RULE 34 OF THE FEDERAL RULES OF CIVIL PROCEDURE, PLAINTIFF REQUEST'S THAT DEFENDANTS JAMES TILTON, ROBERT HOREL, CYNTHIA SCAVETTA, R.S. MARQUEZ, M. RANDOLPH, LT. RICE, SGT. MOORE, SGT. BARNEBURG, SGT. RANGEL, J. DIX, SGT. HARDING, M. FERGUSON, I. PARKER, EVERETTE FISHER, M. COOK, N. GRANNIS, P. CARRIER, D. DEPEW, C.E. WILBUR, PRODUCE FOR INSPECTION AND COPYING THE FOLLOWING DOCUMENTS.

1). THE COMPLETE PRISON RECORD OF PLAINTIFF.

2). ALL WRITTEN STATEMENTS, ORIGINALS OR COPIES IDENTIFIABLE AS REPORTS ABOUT THE MISCONDUCT BY OFFICER M. McCOVEY. REGARDING PLAINTIFF PIÑA, MADE BY PRISON OR CIVILIAN EMPLOYEES OR DEPT. OF CORRECTIONS. FROM THE FIRST REPORT BY DEFENDANT PARKER TO THE PRESENT DATE.

3). Any and all rules and regulations and policies, training manuals on the handling of employee misconduct. Disposition, investigations.

4). Any and all complaints filed against Officer McCovey and by whom they were filed, and dispositions.

5). Any written complaint sent to IGI about defendant Parker's actions and attempts to accuse McCovey of misconduct involving plaintiff.

6). Plaintiff asks for copies of all personell files of all defendants, specifically work assignments, job performance, and all complaints filed against them while working for CDCR.

7). Plaintiff asks for the written reports originally filed by defendant Parker and her 3rd watch co-workers against McCovey. And any reports filed after that by the same.

8). Plaintiff asks for any written, typed orders from defendant Rangel that was used to restrict or ban McCovey from working in Unit D-4. Either as memorandums or informing his supervisors of his decision to restrict her.

9). Plaintiff asks for any written reports by defendants, to have McCovey reassigned from the SHU assignment she had prior, and reasons for the reassignment.

10). Plaintiff asks for the names of all those involved in any investigation of the accusations made by defendant Parker against McCovey. And any reports filed.

11). Plaintiff asks for any reports that were filed against him specifically regarding any investigation of McCovey.

12). Any and all documents being used by defendants to classify plaintiff as an active gang member, including confidential chronos.

13). Any and all documents in defendants possession that contradicts plaintiffs current gang status, including 1030 confidential forms, not given to plaintiff.

14). All written notes, reports that IGI has relating to information provided to them involving him plaintiff in the misconduct complaint, report against McCovey, not exempt under confidentiality, such as information from officers who are not informants.

15). All reports written by correctional officers regarding cell searches, confiscated items and property.

16). Any and all lists confiscated from inmates, gang members that have plaintiff's name in it.

17). Any 128- or 128-B chronos that describe letters intercepted by IGI or others CDCR staff or other agencies that mention plaintiff's gang status.

18). Any and all 128- 128-B's chronos that IGI has that they intercepted letters that were written by plaintiff to other active gang members.

19). Any and all reports written, typed, recorded by defendants that assisted in their disposition to continue to hold plaintiff as an active gang member in SHU.

20). Any and all reports filed by defendants regarding mail that was delayed or confiscated from plaintiff.

21). Any and all memorandums, flyers that direct the unit officers on how to handle SHU short corridor inmate mail.

22). ANY COPIES OF THE PROCEDURES PRISON OFFICIALS ARE SUPPOSE TO USE IN DAILY OPERATIONS. SUCH AS THE COMPLETE COPY OF (DOM) DEPARTMENT OPERATIONAL MANUAL.

23). ANY COPIES OF THE MEMORANDUM AND ORDER FROM SACRAMENTO TO MOVE PLAINTIFF AND HUNDREDS OTHERS TO THE SHORT CORRIDOR.

24). A COPY OF THE LIST OF NAMES THAT WERE MOVED TO THE SHORT CORRIDOR.

25). ALL INACTIVE GANG PACKAGES USED FOR THE CONTINUED SEGREGATION OF PLAINTIFF.

26). PHOTOGRAPHS OF ROTUNDA AREA AND DESK. PHOTOS OF (A-POD) LENGTH OF TIER. AND FROM CELL 102 TO FRONT GRILL. PHOTO OF YARD. AND PHOTO OF CELL 102 INSIDE AND OUTSIDE. COPY OF PLAINTIFF HOUR 1/2 ON YARD VIDEO. ON EXERCISE TIME.

PLAINTIFF ASKS FOR THE FOLLOWING DOCUMENTS AS THEY ARE RELEVANT TO HIS INVESTIGATION OF DEFENDANTS. AND THE REPORTS THEY HAVE IN THEIR FILES. AND PLAINTIFF HAS A RIGHT TO INSPECT THESE REPORTS.

I DECLARE UNDER PENALTY OF PERJURY THE FOLLOWING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND RECOLLECTION.

RESPECTFULLY SUBMITTED.

*Pablo Yniga*
PRO-SE

DATED APRIL 15TH 08.