UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PABLO P. PINA,

        Plaintiff,

   v.

JAMES TILTON, Director/Secretary; et al.,

        Defendants.
                                       /

No. C 07-4989 SI (pr)

**ORDER**

On initial review in this pro se prisoner's civil rights action filed under 42 U.S.C. § 1983, the court dismissed several claims and three co-plaintiffs and ordered service of process on two claims found cognizable. See Order Of Dismissal With Leave To Amend For Plaintiff Pina, pp. 1-3; Order Of Service And Partial Dismissal, pp. 4-9. The two claims the court found cognizable were First Amendment claims that Pina's legal mail was being opened by prison staff, and that all his outgoing mail was being marked with a large red stamp reflecting that the mail originated in the SHU. Order Of Service And Partial Dismissal, pp. 8-10. The four defendants on whom service of process was ordered have appeared in this action. Now before the court for consideration are several miscellaneous motions filed by the parties.

Plaintiff filed a "motion to vacate judgment," which sought reconsideration of the Order Of Service And Partial Dismissal. A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc); see

School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Plaintiff's motion does not meet the requirements for reconsideration, i.e., he has not presented newly discovered evidence, has not shown a change in the law, and has not shown the court committed clear error or made a manifestly unjust decision. Insofar as the motion actually seeks to vacate a judgment, no judgment was entered that could be vacated. The motion is DENIED. (Docket # 23.)

Plaintiff filed a motion for leave to amend and submitted a proposed second amended complaint. In his motion, he explained that he wants to add claims about events "that occurred after the civil action was filed," that defendants had "impeded plaintiff's ability to prosecute his action by confiscating legal material and mail," and that "other developments have materialized that constitutes retaliation by officials." Motion, p. 1. He needs court permission because he had already filed one amended complaint. See Fed. R. Civ. P. 15(a). Amendment will not be permitted because it would be futile. Plaintiff's proposed additional claims, all of which arose after the filing of the action, could not satisfy the requirement that administrative remedies be exhausted before the action is filed. See 42 U.S.C. 1997e(a); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006). Furthermore, plaintiff's proposed additional claim for denial of access to the courts fails because he has not alleged an actual injury, which is a necessary element of such a claim. See Lewis v. Casey, 518 U.S. 343, 354-55 (1996). The absence of an actual injury allegation is not a just a pleading deficiency that could be cured by amendment because his denial of access to the court concerns activities in this action – an action that is still pending and in which he has not suffered an adverse decision. In other words, a claim of a denial of access to the courts based on interference with litigating this action must be filed in a later action – but only if and when Pina suffers an actual injury in this action as a result of the purported interference with his litigation efforts here. The motion for leave to amend is DENIED. (Docket # 28.) The proposed second amended complaint will not be permitted. The operative pleading remains the first amended complaint.

Defendants' motion for screening under 28 U.S.C. § 1915A is DISMISSED as moot.

2

1 (Docket # 30.)  The court has reviewed the proposed second amended complaint in connection
2 with consideration of plaintiff's motion for leave to file a second amended complaint discussed
3 in the preceding paragraph.  The court notes that defendants' arguments against allowing the
4 proposed second amended complaint should have been made in an opposition to plaintiff's
5 motion to amend, rather than in a motion for screening.

6        Plaintiff filed a "motion to have indigent status defined and for injunction."  (Docket #
7 24.)  In this motion he asks the court to define indigency in some particular way so that he will
8 be able to spend some of his income on things other than the legal fees, postage and
9 photocopying expenses he is incurring in his various litigation efforts.  The motion is DENIED.
10 With regard to the filing fee, the schedule at which money is to be deducted from plaintiff's
11 inmate trust account is set out in the order granting leave to proceed in forma pauperis.  The
12 court is not free to change that schedule as it is set by statute, see 28 U.S.C. § 1915(b)(2).  With
13 regard to the photocopying and postage expenses, plaintiff's apparent problem is that he wants
14 to spend his money on other things from the canteen.  The way in which he allocates his very
15 limited funds is up to him (not the court) to decide.  The way in which prison officials define
16 indigency for prisoners also is not a matter necessitating a court order.  Such an order would
17 require the court to interfere with the ordinary day-to-day operations of the prison, which federal
18 courts generally are discouraged from doing.  See Turner v. Safley, 78, 84-85 (1987) (judiciary
19 should exercise restraint on matters of prison administration).  A prisoner who is unable to pay
20 for the minimal necessities of life (e.g., food or emergency medical care) may have a claim if
21 prison officials refuse to provide those things because the prisoner cannot pay for them, but that
22 does not mean that the prison officials must make it so that the prisoner never needs to choose
23 between his competing desires (e.g., extra socks vs. snacks).  Plaintiff has not shown that he was
24 denied the minimal necessities of life due to his inability to pay (and even if he did, such a claim
25 would be well beyond the scope of this action and therefore not a proper subject for injunctive
26 relief herein).

27        Plaintiff filed a motion to correct the court's filing fee.  (Docket # 31.)  He states that he
28 is being charged for three cases when he has only filed two cases, and states that the court

3

ordered that no fees were due in Case No. C 08-2685 SI. He is half-right. The court did order that no fees were due in Case No. C 08-2685 SI. However, in addition to that case, there were three other cases filed by Pina in the last two years in which he was permitted to proceed in forma pauperis and owes fees: (1) Pina v. Horel, C 07-4989 SI, (2) Pina v. Superior Court, C 07-5675 SI, and (3) Pina v. Carr, C 08-2684 SI. To the extent Pina is claiming he only has two cases with fees owing, he is incorrect.[1] The motion to correct the court's filing fee to show fees owing in only two cases is DENIED.

Defendants filed an ex parte motion for an extension of time to file dispositive motions. Upon due consideration of the motion and the accompanying declaration of attorney Brendan Kenny, the court GRANTS the motion. (Docket # 25.) The court now sets the following new briefing schedule for dispositive motions:

1. Defendants must file and serve their dispositive motion no later than **August 7, 2009**.

2. Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **September 11, 2009**. Plaintiff is reminded to read the information about summary judgment motions provided in the Order Of Service and Partial Dismissal, p. 12, as he prepares his opposition to any summary judgment motion.

3. Defendants must file and serve their reply brief, if any, no later than **September 30, 2009**.

IT IS SO ORDERED.

Dated: June 8, 2009

_____
SUSAN ILLSTON
United States District Judge

---

[1] Pina has confined his argument to a dispute as to whether there are two or three cases with fees owing. The court therefore assumes that he is only referring to his recent cases. If one goes back more than two years, there are many more cases: Pina v. McGrath, C 04-2251 SI; Pina v. Terhune, C 99-3525 SI; Pina v. Terhune, C 99-1097 SI; Pina v. Dougherty, C 99-397 SI; Pina v. People of California, C 98-3171 SI; Pina v. Cambra, C 95-2123 SI; Pina v. Marshall, C 94-4161 SI; Pina v. Marshall, C 94-2591 SBA; Pina v. Gomez, C 94-2464 SI; Pina v. Gomez, C 94-2124 SI.

United States District Court
For the Northern District of California