UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PABLO PINA,

    Plaintiff,

v.

JAMES TILTON, et al.,

    Defendants.

No. C 07-4989 SI (PR)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

## INTRODUCTION

This is a federal civil rights action filed by a pro se state prisoner pursuant to 42 U.S.C. § 1983 against employees of Pelican Bay State Prison. For the reasons discussed herein, defendants' motion to dismiss the complaint (Docket No. 43) is GRANTED. Accordingly, the complaint, and thereby the action, is DISMISSED.

## BACKGROUND

Plaintiff alleges that (1) defendant Scavetta's policy that all mail outgoing from the Pelican Bay Security Housing Unit be marked with a red stamp violates plaintiff's rights under the First Amendment; and (2) defendants Parker, Depew, and Carrier, employees of Pelican Bay State Prison, improperly opened plaintiff's mail in violation of plaintiff's First Amendment rights. Defendants allege that plaintiff has not properly exhausted his administrative remedies

as to the first claim, and that he failed to exhaust administrative remedies as to the second claim prior to filing suit.[1]

**DISCUSSION**

**A.     Exhaustion**

**1.     Claim Regarding Stamping Outgoing Mail**

Defendants contend that plaintiff's claim regarding the stamping of his mail must be dismissed because plaintiff failed to exhaust his administrative remedies. (Motion to Dismiss ("MTD") at 5.) Plaintiff admits that he did not fully exhaust this claim because he was prevented from pursuing his administrative remedies. (Pl.'s Opp. to MTD ("Opp.") at 12.)

The facts as alleged by plaintiff are as follows. Plaintiff filed two inmate appeals regarding the stamping of his outgoing mail, and the artwork contained therein. The first was rejected that same month because plaintiff had not provided any evidence that the stamping defaced his artwork. The second was rejected on grounds the plaintiff had not demonstrated how the stamping adversely affected him. (Opp. at 11–14.) It appears that plaintiff did not pursue any further administrative remedies regarding these claims.

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is no longer left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

Compliance with prison grievance procedures is all that is required to "properly exhaust." Jones v. Bock, 127 S. Ct. 910, 922–23 (2007). The level of detail necessary in a grievance to

---

[1] Defendants also contend that the complaint should be dismissed on grounds that plaintiff has failed to state a claim on which relief can be granted, and that defendants are entitled to qualified immunity. (MTD at 2.) As the complaint is dismissed on other grounds, it is unnecessary to consider these other grounds of dismissal.

comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the Prison Litigation Reform Act [42 U.S.C. § 1997e], that define the boundaries of proper exhaustion. Id. at 923. The inmate's grievance must be sufficiently detailed to alert the prison as to "the nature of the wrong for which redress is sought." Griffin v. Arpaio, No. 06-16132, 2009 WL 539982 at *2 (9th Cir. Mar. 5, 2009) (citing Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)). A grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue. Woodford, 548 U.S. at 90. The California Department of Corrections has a four-step inmate grievance process, which is formally set forth in Cal. Code Regs., tit. 15, § 3084.5, and commences with an informal grievance, and then proceeds through three levels of formal review, the last of which is the director's level decision.

If a reviewing federal court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003). A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies. Id. at 1120. Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner has conceded that he did not exhaust administrative remedies. See id.

Here, plaintiff admittedly failed to exhaust his administrative remedies, and his claims regarding the stamping of outgoing mail are, accordingly, DISMISSED. Plaintiff's allegations that he was prevented from pursuing his administrative remedies are not supported by the record. Plaintiff's appeals were denied, not discarded, and he could have appealed those denials up to the director's level of review, but failed to do so.

Defendants' motion to dismiss the claims regarding the stamping of outgoing mail is GRANTED, and those claims are DISMISSED without prejudice.

//

//

//

### 2. **Claims Regarding Opening of Mail**

Defendants contend that plaintiff's claims regarding the opening of his mail should be dismissed because plaintiff failed to exhaust his claims prior to filing suit. (MTD at 7.) Plaintiff admits that his claims were not exhausted until after his suit was filed, but contends that they were exhausted by the time he filed his amended complaint. (Opp. at 10.)

An action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

Plaintiff's claims regarding the opening of his mail were not exhausted prior to the filing of his suit. That such claims were exhausted by the time he filed his amended complaint does not save the claims. Even though the amended complaint replaced his prior complaint, the fact remains that when the original complaint was filed, plaintiff had not exhausted his administrative remedies. Accordingly, defendants' motion to dismiss the claims regarding the opening of plaintiff's mail is GRANTED, and all such claims are DISMISSED without prejudice to plaintiff filing a new action with completely exhausted claims.

All plaintiff's claims having been dismissed, the Court hereby DISMISSES the action.

## CONCLUSION

Plaintiff's motion to dismiss the claims on grounds exhaustion (Docket No. 43) is GRANTED. Accordingly, the action is DISMISSED without prejudice to plaintiff exhausting his unexhausted claims, and filing a new action containing claims that have been properly exhausted prior to filing.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

4

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Plaintiff's motion requesting further interrogatories (Docket No. 53) is DENIED as moot. This order terminates Docket Nos. 43 & 53.

The Clerk shall enter judgment in favor of respondent, terminate the pending motions, and close the file.

**IT IS SO ORDERED**.

DATED:  July14, 2010

SUSAN ILLSTON
United States District Judge