United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PABLO PINA,

    Plaintiff,

v.

JAMES TILTON, et al.,

    Defendants.
                             /

No. C 07-4989 SI (PR)

**ORDER DENYING MOTION FOR A CERTIFICATE OF APPEALABILITY; DENYING MOTION FOR RECONSIDERATION**

      This is a federal civil rights action filed by a <u>pro se</u> state prisoner pursuant to 42 U.S.C. § 1983 against employees of Pelican Bay State Prison. The Court dismissed the action and entered judgment in favor of defendants on July 14, 2010.

      Presently before the Court are plaintiff's motions for (1) a certificate of appealability; and (2) reconsideration of the Court's dismissal order.

      Plaintiff's motion for a certificate of appealability is DENIED. A certificate of appealability is not required for a plaintiff to appeal a section 1983 action, though the grant or denial of a certificate of appealability is required in a habeas action.

      Plaintiff's motion for reconsideration of the Court's dismissal order is DENIED. Where, as here, the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.

"Under Rule 59(e), it is appropriate to alter or amend a judgment if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" United Nat. Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772, 779 (9th Cir. 2009) (quoting Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001)). Here, petitioner's request contains no allegation as to newly-discovered evidence, nor that the Court committed clear error or made an initial decision that was manifestly unjust, or that there was an intervening change in controlling law.

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. See Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. See Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). Here, petitioner's request contains no allegation as to newly-discovered evidence, nor does it set forth any mistake, inadvertence, surprise, excusable neglect, fraud by the adverse party, or voiding of the judgment; petitioner offers no other reason justifying relief.

This order terminates Docket No. 64.

**IT IS SO ORDERED**.

DATED: August 30, 2010

SUSAN ILLSTON
United States District Judge